E-FILED
Thursday, 24 September, 2026 11:47:54 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>NICHOLAS M. MORIARTY,<br>Defendant. | Case No. 1:11-CR-10100-JEH |

**Order**

Now before the Court are Defendant Nicholas M. Moriarty's motions for early termination of supervised release. (D. 29, 34). For the reasons stated *infra*, the motions for early termination of supervised release are granted.[1]

**I**

**A**

A grand jury returned a two-count indictment on September 29, 2011, charging Nicholas M. Moriarty with Transportation of Child Pornography and Possession of Child Pornography. On January 23, 2012, Moriarty entered a blind plea of guilty to Count 1 (Transportation of Child Pornography). On May 14, 2012, the Court sentenced Moriarty to 120 months' imprisonment and 10 years' supervised release. Moriarty completed his custodial term and commenced supervised release on December 30, 2020.

On July 20, 2026, Moriarty filed a pro se Motion for Early Termination of Supervised Release (R. 29). On July 21, 2026, the Court appointed the Federal Public Defender and directed the filing of an amended motion or status report within 14 days. On August 3, 2026, counsel filed an Amended Motion for Early Termination of

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

Supervised Release (D. 34). On September 8, 2026, the Government filed its Response opposing early termination.

**B**

Moriarty collected child pornography for over half a decade prior to distributing it to an undercover officer in April 2010. He possessed at least 158 child pornography videos on an external hard drive and 23 images on a laptop, with videos ranging from one minute to an hour and images including bondage and a man vaginally penetrating a girl approximately three to five years old. The Guidelines recommended a lifetime term of supervised release, but the Court imposed a 10-year term.

**C**

Moriarty began supervision on December 30, 2020. By September 2021, Moriarty had acquired an unmonitored internet-capable Roku device; in May 2022, he acquired a PlayStation 5 without informing probation or installing monitoring software; and in June–July 2022, he possessed an iPod Touch without informing probation or installing monitoring software. These unmonitored devices came to light in July 2023, when a Probation Officer observed bank statements reflecting charges for OnlyFans, Disney Plus, and other internet-based services. The Roku was hidden in a container resembling a household appliance. Probation afforded Moriarty the opportunity to address this behavior in sex offender treatment, and he successfully completed treatment on March 11, 2026.

In his pro se motion, Moriarty reports steady employment at Rehrig Pacific since release, a recent promotion to head supervisor at the Joliet facility, the purchase of a home in January, completion of treatment in March at Midwest Counseling, and continued monthly attendance thereafter.

**D**

Moriarty seeks early termination based on sustained employment culminating in a promotion to head supervisor, home purchase, completion of sex offender treatment in March 2026 with ongoing monthly attendance, and his asserted progress in rehabilitation and reintegration.

The Government opposes early termination, emphasizing the gravity and duration of the underlying offense conduct, the Guideline recommendation of lifetime supervised release contrasted with the Court's 10-year term, and the discovery in 2023 of Moriarty's unmonitored internet-capable devices and related online charges while on supervision. The Government argues that Moriarty completed treatment only recently (March 11, 2026), that continued supervision protects the public and deters recidivism, and that the § 3553(a) factors do not support early termination on this record.

**II**

**A**

Under 18 U.S.C. § 3583(e)(1), after the expiration of one year of supervised release, a district court may terminate supervision and discharge a defendant if, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), it concludes that such action is warranted by the defendant's conduct and the interests of justice. The required § 3553(a) considerations include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence; to protect the public; to provide needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and ranges established by the Sentencing Guidelines; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims.

**B**

Moriarty commenced supervised release on December 30, 2020, and the Government's response was filed on September 8, 2026; accordingly, as of early

September 2026, he had served approximately over half of his ten-year term of supervised release. He has maintained steady employment at Rehrig Pacific since release, has been promoted to head supervisor at the Joliet facility, and purchased a home in January, all of which he reports as indicators of stability and prosocial adjustment. He completed sex offender treatment on March 11, 2026, and represents that he continues to attend monthly thereafter.

Balanced against these positive developments is the Government's evidence that, during 2021–2022, Moriarty acquired and used multiple unmonitored internet-capable devices without disclosure or monitoring, discovered through bank records in July 2023, with the Roku device concealed. Probation addressed this conduct through treatment, rather than seeking a petition for revocation. Moriarity participated in sex offender treatment for almost three more years after these events, culminating in his eventual successfully completion of sex offender treatment.

The Court has carefully weighed the § 3553(a) factors relevant under § 3583(e)(1). The nature and circumstances of the offense were serious and involved the exploitation of minors. However, his lengthy sentence of imprisonment was the punishment he received for that conduct; his supervised release term serves different purposes, including protection of the public and rehabilitation. In that regard, the Court is mindful of the history and characteristics of the Defendant as they have evolved during supervision, including sustained employment, advancement to a leadership role, stable housing, completion of specialized treatment, and reported continued engagement in aftercare.

The record indicates that probation provided services through specialized treatment and monitoring, and that Moriarty completed that treatment in March 2026. On deterrence and protection of the public, the question is whether continued supervision is necessary to mitigate risk in light of demonstrated progress. The undisclosed devices in 2021–2022 were a significant breach; however, they were detected, addressed in treatment, and followed by successful completion of that

treatment in 2026 with ongoing monthly attendance as represented. The Court credits both the seriousness of the breach and the subsequent corrective trajectory.

At sentencing, defense counsel acknowledged that Moriarty would be required to comply with sex offender registration requirements, which persist independent of supervised release. Taking the record as a whole, including the substantial portion of the term already served, stable employment and housing, completion of treatment with continuing aftercare, and the fact that probation's primary rehabilitative service—sex offender treatment—has been completed, the Court is satisfied that early termination is now warranted by Moriarty's conduct and the interest of justice. Continued supervision is not necessary to accomplish the purposes of sentencing where the pertinent § 3553(a) factors, as applied under § 3583(e)(1), demonstrate adequate deterrence and protection of the public through ongoing registration obligations and the defendant's established stability and rehabilitation.

**III**

For the reasons stated *supra*, Moriarty's Motion for Early Termination of Supervised Release (D. 29) and Amended Motion (D. 34) are granted. Moriarty's term of supervised release is terminated effective immediately.

*It is so ordered.*

Entered on September 24, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE